F.#2012R00109

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 12-CR-516 (JBW) |
| - against - | Honorable Jack B. Weinstein |
| MENDY GORODETSKY, | Sentencing: February 12, 2013 at 10:00 a.m. |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through the undersigned attorneys, hereby submits this sentencing memorandum regarding defendant Mendy Gorodetsky.[1] The defendant pleaded guilty to tax evasion, in violation of 26 U.S.C. § 7201. Based on the factors set forth in 18 U.S.C. § 3553(a), the U.S. Sentencing Guidelines, and the Plea Agreement between the government and the defendant, the government requests that the Court sentence the defendant to a term of incarceration within the advisory guidelines range of 12–18 months. Additionally, the government requests that the defendant be ordered to pay $188,757 in restitution to the Internal Revenue Service ("IRS").

**I.    Statement of Facts**

The defendant was half owner and operator of Asbestways Services Corp. ("Asbestways"), an environmental abatement company located in Brooklyn, New York. During tax years 2006 through 2008, the defendant used Asbestways corporate funds for personal use by

---

[1] This sentencing memorandum is substantially similar to the sentencing memorandum filed in the related case of the defendant's business partner, United States v. Shalom Rabkin, Case No. 12-CR-515 (JBW), which is also scheduled for sentencing on February 12, 2013.

charging personal expenses on an Asbestways corporate credit card. He also cashed Asbestways gross receipts checks at a check cashing company and used the cash for personal expenses. Despite earning this income, the defendant filed a 2006 United States Individual Income Tax Return ("Form 1040") on which he falsely reported zero income from Asbestways, filed a similarly false 2007 Form 1040, and failed to file any Form 1040 for 2008. Altogether, from 2006 through 2008, the defendant underreported his income by at least $709,134 and failed to pay at least $188,757 in federal income taxes.

On September 13, 2012, the defendant pleaded guilty, pursuant to a plea agreement, to one count of tax evasion, in violation of 26 U.S.C. § 7201. As part of the plea agreement, the government and the defendant agreed that the Court may order the defendant to pay restitution to the IRS for the full loss due to his criminal conduct ($188,757).

## II. United States Sentencing Guidelines

Even though the U.S. Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005); *see also United States v. Stewart*, 590 F.3d 93, 166–67 (2d Cir. 2009) (stating that procedural steps prescribed by law includes correct calculation of Guidelines range). In this case, the Presentence Investigation Report computed the total offense level as follows:

| | |
|---|---|
| Base Offense Level (based on Tax Loss of $188,757):<br>See U.S.S.G. §§2T1.1, 2T1.4, 2T4.1(H) | 16 |
| Acceptance of Responsibility Reduction:<br>See U.S.S.G. §3E1.1(a),(b) | –3 |
| Total Offense Level: | 13 |

The government agrees with the above Guidelines analysis. With a Level 13 offense

level and a Category 1 criminal history, the defendant's U.S. Sentencing Guidelines range is 12–18 months of imprisonment.

### III.     Other 18 U.S.C. § 3553(a) Sentencing Factors

In addition to the U.S. Sentencing Guidelines, the Court must consider the other factors set forth in 18 U.S.C. § 3553(a).  A sentence of incarceration appropriately considers the nature and circumstances of the offense; reflects the seriousness of the offense; affords adequate deterrence; is consistent with the Sentencing Commission's policy statements on the need for deterrence in tax crimes; and is no greater than necessary for these purposes.  18 U.S.C. § 3553(a)(1), (2), (5), (6).  Specifically, this Court should sentence the defendant to a term of imprisonment within the advisory guidelines range of 12–18 months for the following reasons:

#### A.     *Nature and Circumstances of the Offense*

The defendant took deliberate and willful steps to defraud the United States and to profit from that conduct.  During 2006 through 2008, the defendant evaded his taxes by failing to report hundreds of thousands of dollars of income from his business.  He managed to disguise his income by (1) using his business's credit card for personal expenses and (2) cashing gross receipts checks and diverting a portion of those receipts for personal use.  The defendant suggests that his tax evasion was exacerbated by his and his business partner's reliance on an accountant unable to review and supervise their business's finances.  See Defendant's Memorandum at 23–24.  However, the accountant's alleged shortcomings are irrelevant because the defendant hid his diversion of cash from the accountant, which would impair any accountant's ability to prepare accurate tax returns.

The defendant's suggestions that he and his business partner took proactive steps to resolve their tax issues are non-mitigating as to the tax evasion charge and are, therefore,

3

irrelevant to the instant sentencing. Over the past decade, the defendant and his business partner had issues with unpaid payroll taxes since they claimed their workers were independent contractors. Their unpaid payroll taxes are wholly independent of their criminal evasion of individual income taxes. Although they may have hired multiple law firms to address these payroll tax issues with the IRS, the defendant's own timeline belies the notion that he hired the second law firm after accepting his "responsibility concerning tax requirements." See Defendant's Memorandum at 26. The law firms were hired in 2004 and 2005, prior to the defendant beginning to evade his individual income taxes for the 2006 tax year. While the defendant has cooperated with the criminal investigation of his tax evasion, such cooperation did not begin until after the defendant learned he was the subject of a criminal investigation in 2009 and after several years of tax evasion had concluded.

While the government is asking for a term of imprisonment, such a request is justified. Tax fraud schemes like the one cultivated by the defendant undermine the trust that is essential to the proper functioning of our revenue laws. The defendant's actions forced other community members to carry an extra burden in order to accomplish the daily work of local, state, and federal governments.

    B.    *Need to Afford Adequate Deterrence*

The need for deterrence in this case similarly warrants a strong sentence. In some sense, the need for deterrence in tax-fraud sentences— more so than perhaps other crimes— is apparent from the relevant numbers: the number of taxpayers in the United States far, far exceeds the number of auditors and criminal investigators available at the IRS. Courts have routinely recognized this dynamic, as noted in *United States v. Ture*, 450 F.3d 352 (8th Cir. 2006):

> Because of the limited number of criminal tax prosecutions relative to the estimated

> incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

*Id.* at 357 (quoting U.S.S.G. ch. 2, pt. T, introductory cmt.).

The self-employed are a group which arguably have more of an opportunity to evade their income tax obligations, as there is no third party reporting to the IRS the income they earn. Deterring other self-employed individuals from concealing their income is an important factor in determining the appropriate sentence for the defendant. Absent such deterrence, others will see the result in this case and cynically conclude that the risks of being caught and punished for tax fraud do not outweigh the potential rewards. Deterrence is thus critical not only to ensure that a particular individual pays the taxes that the individual owes, but also to ensure that others continue to be honest taxpayers.

>  C. *Need to Avoid Unwarranted Sentence Disparities Among Defendants Guilty of Similar Conduct*

Generally, the need to avoid unwarranted sentence disparities weighs in favor of imposing a sentence within the advisory guidelines range. The criminal tax provisions of the U.S. Sentencing Guidelines were established explicitly in part "to reduce disparity in sentencing for tax offenses." U.S.S.G. §2T1.1 cmt. background; *see also* 28 U.S.C. § 991(b)(1)(B) (purposes of U.S. Sentencing Guidelines). And as the Supreme Court stated, "For even though the Guidelines are advisory rather than mandatory, they are, as we pointed out in *Rita*, the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46 (2007).

**IV. Restitution**

Finally, an order of restitution in this case is warranted. *See* 18 U.S.C. §§ 3663, 3663A.

5

As noted above, the parties have determined that the agreed-upon tax loss figure in the plea agreement is approximately $188,757. The government seeks a restitution order for that amount.

## V.     Conclusion

The United States relies upon the honesty of taxpayers to fund its functions. The defendant made a deliberate choice to take advantage of the federal tax system for personal profit at the expense of the United States. For the aforementioned reasons, the government recommends that this Court sentence Defendant Mendy Gorodetsky to a term of imprisonment within the advisory guidelines range of 12–18 months. Such a sentence is appropriate in this case and consistent with the U.S. Sentencing Guidelines, the defendant's Plea Agreement, and the factors enumerated in 18 U.S.C. § 3553(a). The government further requests that the Court enter an order of restitution in the amount of $188,757.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:     /s/ Jeffrey Bender
JEFFREY B. BENDER
MARK W. KOTILA
Trial Attorneys
U.S. Department of Justice, Tax Division
Northern Criminal Enforcement Section
601 D. Street, N.W. – Room 7818
Washington, DC 20530
Direct: (202) 305-4077
Fax: (202) 616-1786
jeffrey.b.bender@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2013, a copy of the foregoing United States Sentencing Memorandum was electronically filed with the Clerk of the Court using CM/ECF and thereby, forwarded by electronic mail to the following:

    Richard Finkel, Esq.
    Counsel for Defendant Mendy Gorodetsky

                                            By:    /s/ Jeffrey Bender
                                                    JEFFREY B. BENDER
                                                    Trial Attorney
                                                    U.S. Department of Justice, Tax Division
                                                    202.514.5150